## HARMON v. ADAMS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted January 10, 1887. — Decided February 7, 1887.

An agreement by the payee of a promissory note to release the maker from the payment of the principal on the payment, in advance each year, until payee's death, of interest at a rate above the legal rate, is no defence in a suit by the payee's executor, without proof of such payment until his death.

ASSUMPSIT on a promissory note. Judgment for plaintiffs. Defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Charles H. Wood* and *Mr. Robert Doyle* for plaintiff in error.

*Mr. John P. Wilson* for defendants in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This was an action of assumpsit, brought in the Circuit Court of the United States for the Northern District of Illinois, on September 25, 1885, the plaintiffs being executors of Jacob

Harmon, deceased, citizens of Indiana, and the defendants citizens of Illinois. The action was founded on a promissory note signed by the defendants, dated March 1, 1875, payable one year after date to the order of Jacob Harmon, for $15,000, with interest at ten per cent. per annum, from date until paid, with a proviso that if the note was collected by suit the judgment should include a reasonable fee for the plaintiffs' attorney. A copy of the note, with the indorsements thereon, was set out with the declaration, showing that the interest thereon had been paid to March 1, 1885. The plea was the general issue. The case was tried by a jury, who returned a verdict in favor of the plaintiffs below, the judgment on which is brought into review by this writ of error.

From the bill of exceptions it appears that the following took place on the trial:

" Upon the said trial the defendants introduced proof tending to show that there was a verbal agréement between themselves and Jacob Harmon, the payee of the note, that if they would pay the interest regularly, at the rate of ten per cent. per annum, as called for by the note, until his death, they should be acquitted of the payment of the principal — in other words, that the money represented by the note was given to them upon condition that they should pay the interest thereon, during the life of Jacob Harmon, at the rate of ten per cent. per annum.

" The defendants also offered to prove that in the forepart of the year 1880, after the said note in suit had become due, they offered to pay Jacob Harmon the amount then due on said note, with interest, and proposed to do so, unless he would reduce the interest ; whereupon the said Jacob Harmon verbally agreed that if they would continue to pay him the interest upon the sum of money represented by said note during his life, and pay in November of each year the interest in advance for four months, or, if they failed to pay the interest in advance for four months, should pay interest upon the interest so unpaid, then the said defendants should be acquitted of and released from the payment of the principal sum of said note at the death of said Jacob Harmon, which the court refused

to be permitted to be proved, and the defendants then and there excepted.

"And the court being of opinion that the facts so offered in evidence by the defendants, and the said facts which the defendants offered to prove, would not make a sufficient defence at law, if proven in the said case, directed the jury to return a verdict for the plaintiff therein, and the verdict was taken accordingly; to all of which the defendants then and there duly excepted."

These rulings of the court are now assigned for error. In support of the assignments of error, the plaintiffs in error maintain this proposition, viz.: That an agreement by the payor, after the note becomes due, to keep the money and pay interest thereon at the rate of ten per cent. per annum till the death of the payee, constitutes a sufficient consideration for an agreement on the part of the payee that he will then consider the note cancelled and paid, where the payor from the time of such agreement continues to pay such interest on the note until the death of the payee. This proposition should be considered in connection with the fact that in the year 1879, and therefore after the note in suit had become due, the interest laws of Illinois were so changed as to make eight per cent. per annum the maximum rate of interest that could be thereafter contracted for. Hurd's General Statutes, 1885, chap. 74, p. 736.

The agreement proved, and that to prove which evidence was offered, were both unilateral. The promise alleged was by the payee of the note, not in consideration of a promise on the part of the payor, but on condition that he perform what was to be done; viz.: payment of the interest at the rate and in the mode agreed until the death of the payee. It became essential, therefore, to the defence, to establish the fact that this undertaking had been fully performed, by proof of the payment of the interest as agreed until the death of Jacob Harmon. This fact is assumed in the brief of the counsel for the plaintiffs in error, but it nowhere appears in the record. The bill of exceptions does not state when Jacob Harmon died; it does not appear elsewhere in the record. All we can

know from that is that he must have died before the institution of the suit, which was begun by his executors on September 25, 1885, but whether before or after March 1, 1885, we cannot infer, that being the date up to which interest was paid. If he died after that date, then the condition on which his promise could be enforced against his executors had not been fulfilled. On this point, therefore, the defence failed.

*Judgment affirmed.*

*Harmon* v. *Adams*. Error to the Circuit Court of the United States for the Northern District of Illinois. Mr. Justice Matthews: The record in this case involves no other questions than those just decided in the foregoing case. The judgment is therefore

*Affirmed.*